# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | | |
| BUTAN VALLEY, N.V. § | Bankruptcy Case No. 07-35856 | |
|    Debtor § | | |

---

| | | |
|---|---|---|
| § | | |
| OSAMA ALKASABI, § | | |
|    Appellant, § | **CIVIL ACTION NO. H-08-2499** | |
| § | | |
| v. § | | |
| § | Adversary No. 08-3039 | |
| SOCIETE GENERALE, *et al.*, § | | |
|    Appellees. § | | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Osama Alkasabi's Motion for Leave to File an Interlocutory Appeal [Doc. # 54 in Bankruptcy Adversary No. 08-3039]. Alkasabi, *pro se*, seeks leave to appeal a discovery ruling ("Order") [Doc. # 50 in Adversary No. 08-3039] issued by the United States Bankruptcy Court on July 30, 2008. The Court, having reviewed the record and the governing legal authorities, **denies** leave to file the interlocutory appeal and dismisses this civil case.

The Fifth Circuit has not expressly adopted criteria specifically for determining whether to grant leave to appeal an interlocutory order of a bankruptcy court, but it has recognized that many district courts use the standard applied under 28 U.S.C.

§ 1292(b) for interlocutory appeals to the various courts of appeals.  *See Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169, 1177 (5th Cir. 1991).  To be appealable under this standard, an interlocutory order of the bankruptcy court must involve a controlling issue of law upon which there is substantial ground for difference of opinion.  *Id.*  Additionally, the district court must find that an immediate appeal of the interlocutory order would materially advance the ultimate termination of the bankruptcy case.  *Id.*

In this case, the Bankruptcy Court denied Alkasabi's Motion for Discovery for failure to comply with the Bankruptcy Court's requirements to define the otherwise burdensome discovery requests with reasonable clarity.  The Bankruptcy Court explained that Alkasabi had failed to "articulate the reasons why he contends that the documents that he requests will include the information he seeks or will lead to the discovery of relevant information."  *See* Order, p. 1.

The Court finds that there is no basis to allow an interlocutory appeal from the Order ruling on the discovery dispute.  The Order does not involve a controlling issue of law upon which there is substantial ground for difference of opinion, and an immediate appeal of the interlocutory order would not materially advance the ultimate termination of the bankruptcy case.  Additionally, there are no exceptional circumstances that would justify immediate review under the collateral order doctrine first enunciated in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), and

discussed by the Fifth Circuit in *In re Delta Servs. Indus.*, 782 F.2d 1267 (5th Cir. 1986).  Accordingly, it is hereby

**ORDERED** that Alkasabi's Motion for Leave to File an Interlocutory Appeal [Doc. # 54 in Adversary Case No. 08-3039] is **DENIED** and this civil case is **DISMISSED**.  It is further

**ORDERED** that Alkasabi's Motion for Electronic Filing [Doc. # 3] is **DENIED AS MOOT**.

SIGNED at Houston, Texas, this **27th** day of **August, 2008.**

_____
Nancy F. Atlas
United States District Judge